# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

TREVOR JOHN DAVID PARR, SUSAN
PAULINE PARR,

                Plaintiff,

-vs-                                            Case No. 6:09-cv-1268-Orl-19GJK

MAESBURY HOMES, INC.,

                Defendants.

_____

## ORDER

This case comes before the Court on the following:

1. Motion to Dismiss Complaint and Incorporated Memorandum of Law by Defendant Maesbury Homes, Inc. (Doc. No. 11, filed Aug. 31, 2009); and

2. Response in Opposition to Defendants' Motion to Dismiss Complaint and Incorporated Memorandum of Law by Plaintiffs Trevor John David Parr and Susan Pauline Parr (Doc. No. 12, filed Sept. 9, 2009).

### Background

This case arises out an Agreement for Sale ("Purchase Agreement") executed between Trevor John David Parr and Susan Pauline Parr ("Plaintiffs") and Maesbury Homes, Inc. ("Defendant") on July 27, 2006, for the purchase of unit 16 in building 64 ("Unit") of Defendant's Bahama Bay II development. (Doc. No. 1 ¶¶ 6, 7, filed July 21, 2009.)[1] In the Complaint, Plaintiffs

---

[1] These facts are recited for contextual purposes and are set forth in the light most favorable to the Plaintiff.

allege nine separate counts against Defendant. Count I alleges violations of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1702 *et seq.*, arising out of Defendant's failure to provide a property report in advance of the signing of the Purchase agreement, failure to provide an appropriate description of the Unit, and failure to otherwise comply with the requirements of ILSFDA. (*Id.* ¶¶ 12-56.) In Count II, Plaintiffs maintain that Defendant violated the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77e, by failing to file the requisite registration statement. (*Id.* ¶¶ 57-73.) Count III alleges a violation of the Florida Securities and Investor Protection Act ("Florida Securities Act"), Fla. Stat. § 517, for failure to register the Purchase Agreement and secure a permit to sell securities. (*Id.* ¶¶ 74-89.) Count IV states that Defendant's withdrawal of funds from the escrow account violated Florida Statute § 718.202. (*Id.* ¶¶ 90-102.) Count V contends that Defendant violated Florida Statute § 718.503 by failing to deliver the requisite prospectus and disclosure statement. (*Id.* ¶¶ 103-17.) In Count VI, Plaintiffs maintain that Defendant made misleading statements in the promotional material regarding Unit square footage and building amenities in violation of Florida Statute § 718.506. (*Id.* ¶¶ 118-40.) Count VII alleges violations of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.*, and Count VIII alleges breach of contract. (*Id.* ¶¶141-76.) Finally, in Count IX, Plaintiffs seek a declaratory judgment stating that the Purchase Agreement has been breached and that Plaintiffs are entitled to a return of their $46,400.00 deposit plus interest and any other relief the Court deems just and proper. (*Id.* ¶¶ 177-83.)

## Standard of Review

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must limit its consideration to the

complaint, the written instruments attached to it as exhibits, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 323 (2007); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). In determining the merits of the motion, a court must "accept all factual allegations in the complaint as true." *Tellabs, Inc.*, 551 U.S. at 323. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Once a court "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth," the court must next determine whether the well-pled facts "'state a claim to relief that is plausible on its face.'" *Id.* at 1949-50 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citation omitted). As the United States Supreme Court explained:

> The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Id.* at 1949 (quotation marks and internal citations omitted) (quoting *Twombly*, 550 U.S. at 557). On a Rule 12(b)(6) motion to dismiss, when a court considers the range of possible interpretations of

the defendant's alleged conduct, if the "more likely explanations" involve lawful, non-actionable behavior, the court should find that the plaintiff's claim is not plausible. *Id.* at 1950-51.

## Analysis

### I. Count I - Interstate Land Sales Full Disclosure Act

In Count I, Plaintiffs contend that Defendant violated several provisions of the Interstate Land Sales Full Disclosure Act ("ILSFDA"), 15 U.S.C. § 1702 *et seq.*, by failing to provide a property report in advance of the signing of the Purchase Agreement, failing to provide an appropriate description of the Unit, making misrepresentations of material fact, and failing to otherwise comply with the requirements of ILSFDA. (Doc. No. 1 ¶¶ 12-56.) Defendant maintains that Count I fails to state a cause of action for rescission under 15 U.S.C. § 1703 because Plaintiffs fail to allege that they made a demand upon Defendant for rescission within two years of the signing of the Purchase Agreement as required by §1703(c). (Doc. No. 11.) Plaintiffs contend that § 1703(c) does not operate as a two-year statute of limitations, or in the alternative, that Defendant's failure to provide notice of the right of rescission in the Purchase Agreement permits Plaintiffs to avail themselves of the three-year term set forth in § 1711(b).

The ILSFDA is "intended to curb abuses accompanying interstate land sales." *Winter v. Hollingsworth Props., Inc.*, 777 F.2d 1444, 1447 (11th Cir. 1985). In passing the statute, Congress "desired to protect purchasers from unscrupulous sales of undeveloped home sites, frequently involving out-of-state sales of land purportedly suitable for development but actually under water or useful only for grazing."[2] *Id.*

---

[2] In light of its remedial purpose, when faced with ambiguity in an exemption, the Court must interpret the exemption narrowly in order to further the statute's purpose of consumer

The sole legal issue presented in the Motion to Dismiss Count I concerns the interplay between two provisions of the ILSFDA, Sections 1703(c) and 1711(b). Section 1703(a) provides that it shall be unlawful, in a covered transaction, "to sell or lease any lot unless a printed property report has been furnished to the purchaser or lessee in advance of the signing of any contract or agreement by such purchaser or lessee." 15 U.S.C. § 1703(a)(1)(B). Section 1703(c) provides that if a property report is required and has not been provided to the purchaser in advance of the execution of the purchase agreement, "such contract or agreement may be revoked at the option of the purchaser or lessee *within two years from the date of such signing*, and such contract or agreement shall clearly provide this right." 15 U.S.C. § 1703(c) (emphasis added). Section 1711(b) provides that "[n]o action shall be maintained . . . to enforce a right created under subsection (b), (c), (d), or (e) of § 1703 of this title *unless brought within three years after the signing of the contract or lease*." 15 U.S.C. § 1711(b) (emphasis added).

In the present case, Plaintiffs signed the Purchase Agreement on July 26, 2006. (Doc. No. 1 ¶ 6.) The record does not reflect, and Plaintiffs do not argue, that rescission was requested before the two-year time period set forth in § 1703(c) expired. (Doc. No. 1.) The first question before the Court therefore is whether Plaintiffs may file a legal claim for rescission under § 1703(c) more than two years after signing the Purchase Agreement, but before the expiration of the three-year term set forth in § 1711(b), when Plaintiffs did not request rescission within two years of the signing of the Purchase Agreement.

---

protection. *Meridian Ventures, LLC v. One North Ocean, LLC*, 538 F. Supp. 2d 1359, 1362 (S.D. Fla. 2007). The Court recognizes this principle in proceeding with its analysis.

The Southern District of Alabama explored the interplay between § 1703(c) and § 1711(b) in *Taylor v. Holiday Isle, LLC*, 561 F. Supp. 2d 1269 (S.D. Ala. 2008). In *Taylor*, a plaintiff sought to rescind a contract for the purchase of a condominium unit, alleging that the defendant's failure to provide a property report in advance of the execution of the contract violated § 1703. *Id.* at 1270. The plaintiff first attempted to exercise the right of rescission after the expiration of the two-year period set forth in § 1703(c), but within the three-year time period set forth in § 1711(b). *Id.* The *Taylor* court found that the plaintiff's rescission claim was time-barred for failure to comply with the two-year time period set forth in § 1703(c). *Id.* at 1273. In so holding, the court noted that reading § 1703(c) to permit a plaintiff's failure to rescind an agreement within the two-year time period to be cured so long as the plaintiff filed for rescission within the three-year time limit of § 1711(b) would effectively remove from ILSFDA the two-year time period set forth in § 1703(c). *Id*. Such a reading of ILSFDA "would contravene the fundamental principle that, to the extent possible, 'the rules of statutory construction require courts to give meaning to every word and clause in a statute.'" *Id*. at 1273 (quoting *Brotherhood of Locomotive Engineers v. CSX Transp., Inc.*, 522 F.3d 1190, 1195 (11th Cir. 2008). The court instead found that the two provisions could be construed in a coherent and congruent fashion as follows:

> Section 1703(c) provides that a purchaser must excise revocation rights within two years. If the developer/seller refuses to honor the purchaser's timely rescission of the purchase agreement under § 1703(c), then the purchaser has a third year (pursuant to § 1711(b)) in which to file suit to enforce that right of rescission. But if the purchaser fails to rescind the contract within those first two years, as required by § 1703(c), that right of rescission is extinguished by the plain operation of that section, such that there would no longer be any § 1703(c) right to enforce via the three-year limitations period provided by § 1711(b). Stated differently, the most logical reading of the provision, and the only one that gives effect to the disparate time limits set forth in each of them is that a plaintiff's rescission claim requires compliance with *both* § 1703(c)'s two-year limit for exercising the right of recision

> *and* § 1711(b)'s three-year limit for filing suit based on the seller's refusal to honor said rescission.

*Id.*[3]

This Court finds the reasoning in *Taylor* persuasive and joins its conclusion that a plaintiff seeking rescission of a purchase agreement based on a seller's failure to furnish a property report must comply with both the two-year time limit for exercising the right of rescission set forth in § 1703(c) and the three-year time limit for filing suit to enforce that right set forth in § 1711(b).[4]

Having determined that a purchaser must request rescission within the two-year time period set forth in § 1703(c), the Court will now address Plaintiffs' second argument, that the Defendant's failure to include notice of the right to rescind in the Purchase Agreement as required by § 1703(c) permits Plaintiffs to avail themselves of the right for the full three-year period set forth in § 1711(b).

Section 1703(c) provides that if a property report is required by the ILSFDA and the seller fails to furnish it to the buyer before the agreement is signed, "such contract or agreement may be revoked at the option of the purchaser or lessee within two years from the date of such signing, *and such contract or agreement shall clearly provide this right.*" 15 U.S.C. § 1703(c) (emphasis added). The ILSFDA does not state that a "failure to disclose the right to rescind in the purchase agreement

---

[3] Several other district courts have adopted the reasoning set forth in *Taylor*. *See, e.g., Bush v. Bahia Sun Assocs., Ltd. P'ship*, No. 8:07-cv-1314-T-17-EAJ, 2009 WL 963133 (M.D. Fla. April 8, 2009); *Tait v. 430 Hibiscus, L.P.*, No. 08-80806-CIV, 2009 WL 455439 (S.D. Fla. Feb. 23, 2009); *Meitis v. Park Square Enters., Inc.*, No. 6:08-cv-1080-Orl-22GJK, 2009 WL 703273 (M.D. Fla. Jan. 21, 2009); *Ditthardt v. North Ocean Condos, L.P.*, 580 F. Supp. 2d 1288 (M.D. Fla. 2008).

[4] It is undisputed that the Purchase Agreement prepared by the Defendant does not notify the Plaintiffs of their right to rescind. (Doc. No. 1-1.) The Court must therefore determine the legal effect of Defendant's omission.

obviates, tolls, or extends the two-year deadline for rescission," nor does the ILSFDA state that the two-year time period runs from the date the purchasers discover or should have discovered this right. *Taylor*, 561 F. Supp. 2d at 1274. Consequently, the Court would be unable to accept Plaintiffs' argument without engrafting new language onto the statute. *See id.* Furthermore, Plaintiffs have not provided, and the Court has not found, persuasive authority in support of Plaintiffs' construction of § 1703(c).[5] The Court has, however, uncovered persuasive authority in support of the proposition that the two-year statute of limitations is not tolled or otherwise excused where a defendant fails to include the required disclosures of § 1703(c). *See, e.g., Gentry v. Harborage Cottages-Stuart, LLP*, 602 F. Supp. 2d 1239 (S.D. Fla. 2009) (finding that the failure to provide notice to the plaintiff regarding his right to revoke does not excuse non-exercise of that right within the statutory two-year period); *Meitis v. Park Square Enters., Inc.*, No. 6:08-cv-1080-Orl-22GJK,

---

[5] Plaintiffs argue that *Sarfati v. Wood Holly Assocs.*, 874 F.2d 1523 (11th Cir. 1989), supports the proposition that the three-year statute of limitations set forth in § 1711(b) applies where the seller fails to clearly disclose the rescission right in the purchase agreement as required by § 1703(c). However, *Sarfati* is not applicable to the issues presented in this case. First, § 1711 was amended on June 1, 1980, extending the limitations period from two years to three years. The holding of *Safati* is based on the pre-amendment version of § 1711 which provided a two-year statute of limitations for enforcing an action under § 1709. Furthermore, *Sarfati* does not address the issue of the failure to provide the requisite notice under §1703(c). The only mention of notice is provided in the recitation of the facts where the court states that the defendants raised an argument regarding failure to provide notice. However, the court did not address this argument, and no facts were provided regarding the issue of notice. Accordingly, *Sarfati* does not control the Court's decision in the instant case. The other cases cited by Plaintiffs are equally unpersuasive. For example, Plaintiffs cite *Engle Homes, Inc. v. Krasna*, 766 So. 2d 311 (Fla. 4th DCA 2000), a case the *Taylor* court specifically declined to follow because the *Krasna* court failed to examine the statutory language in meaningful detail. *Taylor*, 561 F. Supp. 2d at 1275 n.10. Finally, the legislative history provided by Plaintiffs is misleading because Plaintiffs cite only to broad statements regarding the general purpose of the amendment to § 1711. On the other hand, the legislative history cited by the *Taylor* court specifically describes the interplay between § 1703(c) and §1711(b) and is therefore more persuasive. *See Taylor*, 561 F. Supp. 2d at 1274 n.8.

2008 WL 5351619 (M.D. Fla. Dec. 17, 2008) (holding that the failure to provide notice of the right of rescission does not eliminate the two-year requirement set forth in § 1703(c)). Accordingly, the Court finds that the failure to provide notice of the right of rescission does not extend the two-year statute of limitations for requesting rescission provided in § 1703(c).[6]

In the present case, the parties signed the Purchase Agreement on July 27, 2006. (Doc. No. 1 ¶ 6.) Despite Defendant's failure to include language regarding the right of rescission in the Purchase Agreement, Plaintiffs must have exercised their right to rescission prior to July 27, 2008 in order to preserve their legal claim to rescission under § 1703. However, Plaintiffs do not allege, and the record does not reflect, that Plaintiffs exercised this right prior to filing the present action on July 21, 2009. (Doc. No. 1.) Accordingly, Plaintiffs' claim for rescission under § 1703(c) is untimely and that component of Count I will be dismissed.[7]

## II. Counts II & III - Federal and State Unregistered Securities Claims

In Count II, Plaintiffs seek revocation of the Purchase Agreement and other damages, contending that Defendant failed to file the registration statement required by the Securities Act, 15

---

[6] Enforcing the two-year rescission period where a developer fails to provide the notice required by § 1703(c) does not render the notice requirement meaningless. The ILSFDA confers upon purchasers the right "to bring any action at law or in equity against the seller . . . to enforce any right under subsection (b), (c), (d), or (e) of section 1703." 15 U.S.C. § 1709(b). Thus, §1709(b) permits a purchaser to bring a claim for damages based on the seller's failure to provide the statutorily provided notice of rescission. *See Taylor*, 561 F. Supp. 2d at 1276-75.

[7] The ILSFDA confers upon purchasers the right "to bring any action at law or in equity against the seller to enforce any right under subsection (b), (c), (d), or (e) of section 1703 of this title." 15 U.S.C. § 1709(b). Therefore, this ruling does not dismiss the entirety of Count I. Plaintiffs may still seek damages for the claimed ILSFDA violations, as well as attorneys' fees and costs. *Gentry*, 602 F. Supp. 2d at 1251; *Meitis*, 2009 WL 703273 at *1; *Taylor*, 561 F. Supp. 2d at 1276.

U.S.C. § 77e. (Doc. No. 1 ¶¶ 57-73.) In Count III, Plaintiffs seek similar relief, alleging that Defendant failed to secure a permit to sell securities as required by the Florida Securities Act, Florida Statute § 517. Defendant argues that Plaintiffs fail to allege circumstances that qualify the Purchase Agreement as a security within the meaning of 15 U.S.C. § 77b(a)(1) or Florida Statute § 517 and therefore fail to state a claim for relief under either securities statute. (Doc. No. 11.)

A security is broadly defined by 15 U.S.C. § 77b(a)(1) to include "any . . . investment contract . . . or, in general, any interest or instrument commonly known as a security . . . ." Section 517 of the Florida Statutes similarly defines a security to include an investment contract. Fla. Stat. § 517.021(21)(q). An investment contract is "a contract, transaction or scheme whereby a person invests his money in a common enterprise and is led to expect profits solely from the efforts of a promoter or a third party." *S.E.C. v. W.J. Howey, Co.*, 328 U.S. 293, 298-99 (1946).[8] Courts have routinely held that the sale of a condominium, without more, does not constitute an investment contract. *Garcia v. Santa Maria Resort, Inc.*, 528 F. Supp. 2d 1283, 1292 (S.D. Fla. 2007); *Bender v. Cont'l Towers Ltd. P'ship*, 632 F. Supp. 497, 500 (S.D.N.Y. 1986). The SEC also recognizes that the sale of a condominium alone does amount to an investment contract, finding instead that:

> [a] condominium offer is an investment contract only if it is accompanied by one or more of the following collateral agreements: (I) a rental arrangement coupled with a sales promotion emphasizing the economic benefits to be derived from renting out the condominium through the offices of the condominium management or their agents; (ii) a rental pool arrangement; or (iii) material restrictions on the owner's

---

[8] In *Howey*, the Supreme Court held that the combination of a land sales contract, warranty deed, and service contract constitutes an investment contract because "all the elements of a profit-seeking business venture are present here. The investors provide the capital and share in the earning and profits; the promoters manage, control and operate the enterprise." *Howey*, 328 U.S. at 300.

> occupancy or rental of the unit, such as requiring that the unit be available for rental for part of the year, or that the owner use an exclusive rental agent.

SEC Release No. 3305347, 38 Fed. Reg. 1735 (Jan. 18, 1987) (listed in 17 C.F.R. § 231.5347).

In the present case, Plaintiffs plead sufficient facts regarding the existence of an investment contract to survive a motion to dismiss. The Complaint expressly states that the Purchase Agreement is a security and alleges that: (1) the Purchase Agreement is an investment contract; (2) the Purchase Agreement requires the investment of money by Plaintiffs; (3) the Purchase Agreement pertains to a common enterprise; (4) the Declaration contemplates the use of the Unit for long-term and short-term rentals; (5) the promotional materials emphasize unit rental occupancy rates, unit value appreciation rates, and other economic benefits of purchasing a unit; (6) Plaintiffs are dependent on the efforts of the Defendant to make a profit; and (7) Plaintiffs are subject to financial loss. (Doc. No. 1 ¶¶ 66-73.) These allegations are sufficient to state a claim for relief under both 15 U.S.C. § 77e and Florida Statute § 517. Accordingly, the Motion to Dismiss Counts II and III will be denied.[9]

### III. Count VII - Florida Deceptive and Unfair Trade Practices Act

In Count VII, Plaintiffs seek rescission of the Purchase Agreement and other damages under the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 *et seq.* ("FDUTPA"). Plaintiffs maintain that Defendant's alleged violations of ILSFDA, the Securities Act, the Florida Securities Act, and Florida Statute § 718 constitute *per se* violations of FDUTPA. Defendant

---

[9] If Defendant wishes to test the factual bases for these allegations, it must do so at the summary judgment or other stage of the proceedings. On a motion to dismiss, the Court must accept the factual allegations of the complaint as true.

contends that the requested rescission is not an available remedy under FDUTPA and that Plaintiffs' failure to allege causation is fatal to the FDUTPA claims.

FDUTPA proscribes any unfair or deceptive acts or practices committed in the conduct of trade or commerce in order to protect the consuming public and legitimate business enterprises. Fla. Stat. § 501.204(1). The remedies available to claimants under FDUTPA are set forth in § 501.211. Section 501.211 states in pertinent part that:

> (1) Without any regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part.
> (2) In any action brought by a person who has suffered a loss as a result of a violation of this part, such person may recover actual damages, plus attorney's fees and court costs as provided in § 501.2105.

Fla. Stat. § 501.211. FDUTPA therefore offers claimants two types of remedies: (1) equitable relief in the form of a declaratory judgment or an injunction, and (2) legal relief in the form of actual damages. *Alvi Armani Medical, Inc. v. Hennessey*, 629 F. Supp. 2d 1302, 1309 (S.D. Fla. 2008) (citing *Eclipse Med. v. Am. Hydro-Surgical Instruments*, 262 F. Supp. 2d 1334, 1357 (S.D. Fla. 1999)). FDUTPA does not, however, provide for equitable relief other than a declaratory judgment or an injunction. As a result, courts have found that a FDUTPA violation does not support a claim for rescission. *Werdmuller Von Elgg v. Carlyle Developers, Inc.*, No. 6:09-cv-132-Orl-31KRS, 2009 WL 961144 at *2 (M.D. Fla. April 7, 2009) (concluding that "[a]lthough rescission is a form of equitable relief, the statute specifically includes only the remedies of an injunction or declaratory relief.").

Plaintiffs maintain that *Ali v. Royal Palm Miami Holdings, LLC*, No. 08-23449-CIV, 2009 WL 959913 (S.D. Fla. April 8, 2009), supports the proposition that rescission is an available remedy for a FDUTPA violation. However, the *Ali* court did not hold that rescission itself is an available remedy under FDUTPA. *Id*. Instead, the *Ali* the court recharacterized the rescission requested by the plaintiff into merely a request for a declaratory judgment and damages. *Id.* at *3. Based on this characterization of the requested rescission, the court declined to dismiss the FDUTPA claim. *Id*. In the present case, Plaintiffs seek rescission in addition to a declaratory judgment, injunctive relief, and damages, leading the Court to conclude that the requested rescission is necessarily broader than the equitable relief available under FDUTPA.[10] (Doc. No. 1 ¶¶ 154-55.) Accordingly, Count VII will be dismissed to the extent that it seeks rescission of the Purchase Agreement.

Defendant next argues that Count VII should be dismissed because Plaintiffs fail to allege facts supporting a conclusion that Defendant's statutory violations resulted in the loss of their deposit. (Doc. No. 11.) In response, Plaintiffs maintain that because they have alleged *per se* violations of FDUTPA, they need not plead the elements of an independent FDUTPA violation. (Doc. No. 18.)

Under Florida law, plaintiffs alleging a FDUTPA violation must prove: (1) a deceptive or unfair practice; (2) causation; and (3) actual damages. *Third Party Verification, Inc. v.*

---

[10] Rescission is an equitable remedy providing the court with authority to "undo the original transaction and restore the former status of the parties." *Billian v. Mobil Corp.*, 710 So. 2d 984, 990 (Fla. 4th DCA 1998) (citing *Willis v. Fowler*, 136 So. 358, 367-69 (Fla. 1931)). To accomplish the goal of rescission, a court of equity may impose an equitable lien, issue contempt orders, and set aside all transactions founded on the objectionable matter. *Id.* In light of the broad equitable powers that would therefore be available to the Court were it to grant Plaintiffs' request for rescission, the requested rescission may not be properly characterized as merely a request for a declaratory judgment and damages.

*Signatureline, Inc.*, 492 F. Supp. 2d 1314, 1326 (M.D. Fla. 2007); *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. 2d DCA 2006).[11] Florida Statute § 501.203(3)(c) states that a violation of any "law, statute, rule, or ordinance which proscribes unfair methods of competition, or unfair, deceptive, or unconscionable acts or practices" may serve as a predicate for a FDUTPA claim. *See also Meitis v. Park Square Enters., Inc.*, No. 6:08-cv-1080-Orl-22GJK, 2009 WL 703273 at *4 (M.D. Fla. Jan. 21, 2009) (citing *Trotta v. Lighthouse Point Land Co., LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008) (*abrogated on other grounds by Pugliese v. Pukka Dev., Inc.*, 550 F.3d 1299 (11th Cir. 2008))). Statutes may be found to serve as predicates for a FDUTPA claim under § 501.203(3)(c) in one of two ways. First, the text of a statute may expressly state that it is to serve as a FDUTPA predicate. *See, e.g.,* Fla. Stat. §§ 400.464(4)(c), 400.93(6)(a); *Feheley v. LAI Games Sales, Inc.*, No. 08-23060-CIV, 2009 WL 2474061 at *4 (S.D. Fla. Aug. 11, 2009) (finding that Florida Statute § 849.15 fails to serve as *per se* FDUTPA predicate because it does not include express language to that effect). Second, a court may find that a statute proscribes unfair and deceptive trade practices and therefore operates as an implied FDUTPA predicate. *See, e.g.*, *Trotta v. Lighthouse Point Land Co., LLC*, 551 F. Supp. 2d 1359, 1367 (S.D. Fla. 2008) (holding that a violation of ILSFDA is also a violation of FDUTPA because ILSFDA generally proscribes certain unfair and deceptive trade practices).

Where a particular statutory violation is found to constitute a *per se* violation of FDUTPA, it is presumed that the violation constitutes a deceptive or unfair practice. *See Meitis*, 2009 WL

---

[11] An act is considered to be deceptive or unfair where the act is "likely to deceive a consumer acting reasonably under the circumstances . . . ." *Office of Attorney Gen., Dep't of Legal Affairs v. Wyndham Int'l, Inc.*, 869 So. 2d 592, 598 (Fla. 1st DCA 2004).

703273 at *2 (finding that the plaintiff stated a valid claim under FDUTPA because a violation of ILSFDA constitutes a violation of FDUTPA, and the plaintiff alleged that defendant's actions were likely to mislead prospective purchasers and that defendant had failed to disclose important warnings about the risks associated with purchasing property at the subdivision). Therefore, when the statute at issue is a *per se* FDUTPA predicate, a plaintiff need not allege the first element of a FDUTPA claim. However, regardless of whether a statute is a *per se* FDUTPA predicate or alleged to proscribe an unfair or deceptive practice and therefore serve as an implied FDUTPA predicate, a plaintiff is still required to plead the remaining two elements, causation and damages, in order to properly state a claim for a FDUTPA violation.[12]

In Count VII, Plaintiffs allege FDUTPA violations predicated upon violations of ILSFDA, the Securities Act, the Florida Securities Act, and Florida Statute § 718, incorporating by reference the alleged violations set forth in the previous Counts. (Doc. No. 1 ¶¶ 145-53.) With respect to the claim predicated upon ILSFDA, Plaintiffs allege both causation and damages, stating that Defendant's violation of 15 U.S.C. § 1703(a) deceived them into paying the deposits and entering into the Purchase Agreement. (*Id.* ¶¶ 29-31.) With respect to the FDUTPA claims predicated upon

---

[12] While Plaintiffs do not provide any case law in the Opposition to Defendant's Motion to Dismiss (Doc. No. 12) to support the proposition that pleading the elements of a FDUTPA claim is not required where a *per se* violation is alleged, Plaintiffs appear to rely on *Trotta* for this same proposition in the Complaint. (Doc. No. 1 ¶¶ 145-46.) Plaintiffs' reliance on *Trotta* is misplaced. In *Trotta*, the court determined that a violation of ILSFDA is a *per se* violation of FDUTPA. *Trotta*, 551 F. Supp. 2d at 1367. However, the court granted a motion for summary judgment, denying the FDUTPA claim because the alleged ILSFDA violation upon which the FDUTPA claim was predicated had been denied. In light of the dismissal of the ILSFDA claim, the plaintiff failed to establish the first element of a FDUTPA claim, mainly that the defendant engaged in an unfair or deceptive practice. *Id.* Having denied the claim on the first element, the *Trotta* court did not reach the remaining elements of causation and damages. *Id.*

the Securities Act, the Florida Securities Act, and Florida Statute § 718, the Complaint fails to allege that Defendant's violations of these statutes resulted in harm to the Plaintiffs. Instead, the Complaint simply states that because the Defendant violated these statutes, the Defendant violated FDUTPA. (*Id.* ¶¶ 148, 150, 152.) Accordingly, Count VII will be dismissed to the extent that it is predicated upon violations of the Securities Act, the Florida Securities Act, and Florida Statute § 718.

### IV. Count IX - Declaratory Relief

In Count IX, Plaintiffs request a declaratory judgment stating that the Purchase Agreement has been actually or anticipatorily breached by Defendant and that Plaintiffs are entitled to the return of the full deposit plus interest. (Doc. No. 1 ¶ 183.) Defendant contends that Count IX should be dismissed because Plaintiffs do not present a question regarding the construction of the terms of the Purchase Agreement. (Doc. No. 11.)

"A motion to dismiss a complaint for a declaratory judgment is not a motion on the merits. It is a motion only to determine whether the plaintiff is entitled to a declaration of rights, not whether it is entitled to a declaration in its favor." *Keen v. Fl. Sheriff's Self-Insurance Fund*, 845 So. 2d 844, 845 (Fla. 4th DCA 2003). Under Florida Law, "any person claiming to be interested or who may be in doubt about his or her rights under a . . . contract . . . [may] obtain a declaration of rights, status, or other equitable or legal relations thereunder." Fla. Stat. § 86.021. Under Florida Statute § 86.011, courts also have jurisdiction to render declaratory judgments "on the existence of any fact upon which the existence or nonexistence of such immunity, power, privilege or rights does or may depend . . . ." Fla. Stat. § 86.011. The Florida Supreme Court has held that § 86.011 authorizes the issuance of declaratory judgments when it is necessary to decide issues of fact upon which issues of law depend. *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5, 9 (Fla. 2004)

(finding that a court may issue a declaratory judgment as to insurance policy obligations to defend and coverage for immunity when factual determinations are required in order to determine the declaratory judgment).[13] Such declaratory judgments are not uncommon in contract cases. *Palumbo v. Moore*, 777 So. 2d 1177,1179 (Fla. 5th DCA 2001) (declining to dismiss a claim for declaratory relief seeking to determine if the contract at issue obligated one party to contribute to or indemnify another party).

In the present case, Plaintiffs seek a declaratory judgment stating that Defendant has actually or anticipatorily breached the Purchase Agreement and that Plaintiffs are entitled to a return of their deposit. (Doc. No. 1 ¶ 183.) Plaintiffs allege that Defendant materially breached the Purchase Agreement by withdrawing Plaintiffs' deposit funds in excess of ten percent of the purchase price prior to the time that construction of improvements began, using the deposit funds for purposes other than the actual construction and development of the condominium property, failing to provide items required under Florida Statute § 718.503, and failing to provide amendments which materially altered the offering in a manner adverse to Plaintiffs. (Doc. No. 1 ¶¶ 164-65,167.) Plaintiffs therefore seek a declaration of rights regarding questions of fact upon which the existence or nonexistence of a contractual right may depend within the meaning of Florida Statute § 86.011. *See Higgins*, 788 So. 2d at 999. Accordingly, Plaintiffs are entitled to the declaration of rights sought in Count IX.

---

[13] Defendant cites *Columbia Cas. Co. v. Zimmerman*, 62 So. 2d 338 (Fla. 1952), arguing that there must be some doubt as to the proper construction of the written contract in question in order for a court to issue a declaratory judgment regarding the contract. However, in *Higgins*, the Florida Supreme Court expressly receded from *Zimmerman* to the extent that *Zimmerman* suggested that courts may not entertain a declaratory action seeking a determination of a factual issue upon which a contractual duty depends. *Higgins*, 894 So. 2d at 9.

**Conclusion**

Based on the foregoing, the Motion to Dismiss Complaint and Incorporated Memorandum of Law by Defendant Maesbury Homes, Inc. (Doc. No. 11, filed Aug. 31, 2009) is **GRANTED in part** and **DENIED in part.** The Motion is **GRANTED** to the extent Defendant seeks to dismiss the claim for rescission in Count I, the claim for rescission in Count VII, and the claims in Count VII predicated upon 15 U.S.C. § 77e, Florida Statute § 517, and Florida Statute § 718. The Motion is **DENIED** in all other respects. Plaintiffs have leave to file an Amended Complaint that comports with this Order within eleven (11) days from the date of this Order. If Plaintiffs fail to timely submit an Amended Complaint, this action will proceed solely on the well-pled claims under the Complaint.

**DONE** and **ORDERED** in Orlando, Florida on December 22, 2009.

PATRICIA C. FAWSETT, JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record
Unrepresented Parties